---

## In re PUBLIC SERVICE COMMISSION.

### In re WHITEHALL STREET, EAST RIVER, AND MONTAGUE STREET ROUTE IN CITY OF BROOKLYN.

(Supreme Court, Special Term, Kings County. January 25, 1915.)

1. EMINENT DOMAIN (§ 186*)—CONDEMNATION OF LAND—LAND IN DIFFERENT COUNTIES—FILING MAP.

    Where land situated partly in one county and partly in another is sought to be condemned under the Rapid Transit Act (Laws 1909, c. 498), the provision for filing a map of the land in the register's office is substantially complied with by filing a proper map in either county, especially if it is filed in the county wherein the proceedings are commenced.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 500–504; Dec. Dig. § 186.*]

2. EMINENT DOMAIN (§ 186*)—PROCEDURE—FILING MAP—NUNC PRO TUNC ORDER.

    Where proceedings were instituted under the Rapid Transit Act to condemn land partly in one county and partly in another, and it was deemed necessary that a map should be filed in both counties, the court had jurisdiction to permit the filing of the map in the county where none had been filed nunc pro tunc, by a provision in the order appointing commissioners.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 500–504; Dec. Dig. § 186.*]

3. EMINENT DOMAIN (§ 191*)—PROCEEDINGS—ESTATE DEMANDED.

    Where petitioner sought to obtain certain land in fee simple absolute by condemnation proceedings, the petition sufficiently showed the interest in the property sought to be acquired.

    [Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 509–518; Dec. Dig. § 191.*]

4. EMINENT DOMAIN (§ 191*)—PETITION—RIGHTS—APPEARANCE OF ADJOINING OWNERS.

    A petition to condemn certain land under the Rapid Transit Act alleged that the estates, rights, terms, privileges, franchises, or easements which were to be acquired or extinguished by the city by the proceeding was an estate in fee free from all liens and incumbrances, except as noted in a memorandum attached to and made a part of the petition, to all certain lots, pieces, or parcels of land and land under water, with the buildings and improvements thereon, and indicated on maps or plats, and specifically described in a memorandum as "parcel 1," required for the purpose of constructing, maintaining, and operating a portion of the rapid

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

transit railroad, etc. *Held*, that under such allegation a dock company owning adjoining property was entitled to appear before the commissioners and prove such rights as it claimed to have over the land sought to be condemned, which would in any wise be affected by the condemnation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 509–518; Dec. Dig. § 191.*]

5. EMINENT DOMAIN (§ 194*)—PETITION—AMENDMENT.

Where a petition by the city of New York to condemn lands for a railroad under the Rapid Transit Act recited that it desired to condemn the fee, except as noted in a memorandum attached to and made a part of the petition, the court was authorized by section 59 to strike out a memorandum of exception of any interest owned by the city or state of New York, where it was claimed that the rights of a property owner were adversely affected thereby.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. § 523; Dec. Dig. § 194.*]

6. EMINENT DOMAIN (§ 191*)—CONDEMNATION OF LAND—PARCELS—LAND OF DIFFERENT CLAIMANTS.

That land belonging to different claimants was combined in the same parcel in proceedings to condemn the same under the Rapid Transit Act was immaterial.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 509–518; Dec. Dig. § 191.*]

In the matter of the application of the Public Service Commission to secure certain lots at the foot of Montague Street, etc., required for a rapid transit railroad, known as the Whitehall Street, East River, and Montague Street Route. Objections of property holders overruled, and motion for appointment of commissioners granted.

See, also, 154 App. Div. 896, 138 N. Y. Supp. 1138.

Frank L. Polk, Corp. Counsel, of New York City, for petitioner. Cullen & Dykman, for objectors Pierrepont.

Davies, Auerbach & Cornell, of New York City, for objector New York Dock Co.

MANNING, J. This is a proceeding for the appointment of commissioners to condemn certain lands situate at the foot of Montague street, Brooklyn; the property to be acquired consisting of a parcel of upland and certain land under water, being designated upon the damage map as "parcel No. 1." Two objectors appear, in the person of John Jay Pierrepont, representing the Pierrepont estate, and the New York Dock Company. The Pierreponts own the parcel of upland and also a part of the land under water embraced within the lines of acquisition. The New York Dock Company owns no property within the boundary lines of the land to be taken, but it does own an adjoining dock or pier, and by reason thereof claims certain rights, easements, or privileges in or over the waters adjacent to its dock or pier, and also claim that its rights are and may be substantially affected by this proceeding, and for that reason it justifies its appearance.

[1] The dock company also appeared by its attorneys especially for the purpose of presenting a preliminary objection touching the court's jurisdiction of the subject-matter. They contend that, as the Rapid Transit Act provides for the filing of a map in each county

where there is a register's office, the present proceeding is void for the reason that a copy of such map was not filed in New York county (in which county the land under water is concededly situated), and that such failure ousts the court of jurisdiction. The objection does·not impress me as being sound, and I am free to say that I regard it highly technical. There is no provision made in the Rapid Transit Act in regard to filing maps in a situation like the present one; that is, where part of the land is situate in one county and part in another. I think a substantial compliance with the act is shown when the map is filed *in either county,* and especially if it be filed in the county wherein the proceeding is commenced. The object of filing the map or maps is to give knowledge to those who may be most concerned, and certainly those who appear and contest cannot be heard to say that a failure to file an additional map withholds from them knowledge which reason and common sense tells us they already have. The present proceeding, was properly commenced in Kings county, and the map was duly filed in the Kings county register's office. As I read the petition in the matter, the proof is convincing that every jurisdictional requirement of the Rapid Transit Act has been complied with, and therefore the objection to the court's jurisdiction urged by the New York Dock Company is overruled.

[2] If it be at all necessary to file an additional map or maps, full and complete authority is found for such procedure in the Rapid Transit Act, and indeed the court may allow the map to be filed nunc pro tunc, and will do so in the order appointing commissioners.

[3] Both the dock company and the Pierrepont estate further object that the interest in the property sought to be condemned is not clearly and accurately set forth in the petition and in the memoranda indorsed upon the map. This objection also seems unsound. The petitioners seek to obtain the property in fee simple absolute, the broadest and most comprehensive estate known to the law, and it does not need much argument to show that such an acquisition, if consummated, covers every possible right, title, interest, estate, franchise, or easement affecting the property acquired.

[4] Paragraph VIII of the petition reads as follows:

"VIII. The estates, rights, terms, privileges, franchises, or easements which are to be acquired or extinguished by the city of New York in and by this proceeding are an estate in fee simple absolute, free from all liens and incumbrances, except as noted in the memorandum attached to and made part of this petition, to all those certain lots, pieces, or parcels of land and land under water, with the buildings and improvements thereon and indicated upon said maps or plans, and specifically described in said memorandum as parcel 1, required for the purposes of the construction, maintenance, and operation of a portion of the rapid transit railroad described in paragraph III of this petition."

Under this situation the New York Dock Company will have ample scope and opportunity to appear before the commissioners and prove such rights as they claim to have which in any wise affect the title to the land under condemnation.

[5] The Pierrepont estate urges that, because there is attached to the memorandum a clause stating that there is excepted and excluded

from the title to be acquired any right or interest "owned by the city or state of New York," their position may be prejudiced. I cannot conceive that they are at all in danger by the indorsement in question. But, however that may be, under the provisions of section 59 of the act the court, in my opinion, has ample power to amend or strike out the recital, and in fairness to the Pierreponts I will order the objectionable indorsement stricken from the maps and memoranda. The act nowhere requires the city to specially designate such exemptions, and hence the recital is needless, and might give occasion for doubt, uncertainty, or argument.

[6] The Pierrepont estate presents one other objection—that their lands are combined with those of other claimants in the same parcel. In answer to this it is sufficient to say that the act nowhere requires that each owner's property shall be described as a separate parcel. If it did so require, what would be the result, in view of the fact that two weeks' notice of the application must be given? If one wanted to vitiate the proceeding, all that need be done would be to make a deed or deeds of the whole or part of the property sought to be acquired, and this plan would accomplish the purpose.

The court has examined with much care and interest the several authorities submitted by the learned counsel for the objectors. Many of these authorities sustain well-known legal principles, which are not disputed by the city but in fact are admitted, so far as they apply to the taking of private property for public use; but none of the cases cited, as I read them, go to the extent of withholding jurisdiction in a proceeding based upon a petition as full and complete as the one we are now considering.

The objections are overruled, and the motion for appointment of commissioners is granted.